IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZHAOJIN DAVID KE, | : | |
| | : | 1:10-cv-448 |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| ASSOCIATION OF | : | Hon. Malachy E. Mannion |
| PENNSYLVANIA STATE | : | |
| COLLEGE AND UNIVERSITY | : | |
| FACULTIES and CELIA ELDER, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## March 15, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 11), filed on March 1, 2011, which recommends that Defendants' Motion to Dismiss (Doc. 4) be granted and that this case be closed. Plaintiff Zhaojin David Ke ("Plaintiff" or "Ke") filed objections to the R&R on March 11, 2011. (Doc. 12). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

**I.  BACKGROUND**

Plaintiff, a former professor at Edinboro University of Pennsylvania

("EUP"), filed this action on February 26, 2010 against Association of Pennsylvania State College and University Faculties ("APSCUF") a labor union of which Plaintiff was a member, and Celia Elder ("Elder"). Plaintiff claims that, throughout his employment at EUP, he was discriminated against due to his race and that APSCUF "aided and abetted" EUP'S discrimination and retaliation against him. For example, Plaintiff alleges that APSCUF failed to intervene and represent him during the tenure application process and that the union did not actively pursue Ke's grievances concerning EUP's alleged racial discrimination. Elder, who is named individually in the Plaintiff's complaint, signed letters sent to Plaintiff on behalf of the statewide Grievance Committee, informing Plaintiff of the union's decision not to arbitrate the denial of Plaintiff's tenure.

As noted above, on March 1, 2011, Magistrate Judge Mannion issued the instant R&R (Doc. 11) recommending the following with respect to the Defendants' pending Motion to Dismiss (Doc. 4):

(1) that the Motion to Dismiss be granted with respect to Plaintiff's Title VII claim against Defendant Elder because individual employees cannot be held liable under Title VII;

(2) that the Motion to Dismiss be granted with respect to Plaintiff's Title VII claim against APSCUF because it is barred by the applicable

> statute of limitations;
>
> (3) that the Motion to Dismiss be granted with respect to Plaintiff's claims brought pursuant to 42 U.S.C. § 1981, 1983 and 1985 because they are time-barred; and
>
> (4) that the Plaintiff's PHRA claims be dismissed because they are time-barred.

Within his objections, Plaintiff notes that he does not dispute the Magistrate Judge's rulings regarding the §§ 1983 and 1985 claims and the PHRA claim. (Doc. 12, p. 1). Thus, we shall adopt the Magistrate Judge's rulings on these claims without further analysis, since we find them to be wholly correct.

Now we shall turn our consideration to the disputed portions of the Magistrate Judge's R&R.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's Report

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or

recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

    **B.**    **Rule 12(b)(6) Standard**

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*,

5

550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

**III. DISCUSSION**

As an initial matter, we note that we shall adopt Magistrate Judge Mannion's recommendation to dismiss the Title VII claim against Defendant Elder in her personal capacity, inasmuch as individual liability does not exist under the statute. *See N'Jai v. Floyd*, 368 Fed. Appx. 141, 144 (3d Cir. 2010).

Next, we turn to Magistrate Judge Manninon's analysis on the Title VII claim against APSCUF. As correctly noted Magistrate Judge Mannion, prior to

filing a Title VII claim in federal court, a plaintiff must first timely file a charge with the EEOC. If a plaintiff fails to do so, his claim in federal court is time-barred. *Mikula v. Allegheny County*, 583 F. 3d 181, 185-86 (3d Cir. 2009). Here, the Plaintiff's EEOC claim was dismissed as untimely since it was submitted outside of the 300 day statutory window.[1] Thus, Magistrate Judge Mannion correctly concludes that Plaintiff's Title VII claim in this Court is time-barred. We also agree with Magistrate Judge that the Plaintiff cannot avail himself of equitable tolling to overcome the statute of limitations hurdle.[2] To be sure, Plaintiff has not shown that the Defendants misled him in any manner regarding his cause of action or that he was prevented from asserting his rights or did so in the wrong forum.

---

[1] Plaintiff maintains in his objections, as he argued in the briefing on the Motion to Dismiss before Magistrate Judge Mannion, that his discrimination claim actually accrued in November of 2007, thus his EEOC claim was timely. Despite Plaintiff's contention, we agree with Magistrate Judge Mannion and the EEOC that Plaintiff's claim in fact accrued in April of 2007 when he received a letter from Defendant Elder informing him that APSCUF was denying his request to arbitrate. Plaintiff derives his November 2007 accrual date from an e-mail he received that confirmed APSCUF's earlier determination not to arbitrate. It is clear to us, as it was to Judge Mannion and the EEOC, that decision not to arbitrate (which Plaintiff alleges to be the discriminatory act) was first communicated to Plaintiff in April of 2007, thus this is the date the claim accrued and Plaintiff's May 2008 filing with the EEOC was correctly deemed to be time-barred.

[2] The Third Circuit has explained that equitable tolling, which functions to stop the statute of limitations from running where the claim's accrual date has already passed, can occur in three situations: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; and (3) where the plaintiff has timely asserted his or her rights in the wrong forum. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F. 3d 1380, 1387 (3d Cir. 1994).

Next, Magistrate Judge Mannion correctly concludes that Plaintiff's 42 U.S.C. § 1981 claim is time-barred. Although Plaintiff contends otherwise, the statute of limitations applied to 42 U.S.C. § 1981 claims is two years. *See Boyer v. Johnson Matthey, Inc.*, 2005 U.S. Dist. LEXIS 171, at *9-10 (E.D. Pa. Jan. 7, 2005). As discussed earlier, the actual accrual date of Plaintiff's claim is April of 2007. This action, which was not filed until 2010, was initiated far beyond the two year statute of limitations. Accordingly, the Plaintiff's § 1981 claim shall be dismissed as time-barred.

## IV. CONCLUSION

Accordingly, based on the foregoing analysis, the Defendants' Motion to Dismiss (Doc. 4) shall be granted and this case shall be closed. An appropriate Order shall issue.